FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 22 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY., GEICO GENERAL
INSURANCE COMPANY and GEICO
CASUALTY CO.,

                                  MEMORANDUM
                                  AND ORDER

                                  10-CV-3037 (SJ)

-against-


IVY MED DISTRIBUTORS INC., YURY
EPELMAN DEVONIAN, INC., MICHAEL
ZAVRAZHIN FRAZIER TRADING COMPANY,
INC., VLADISLAV AGUVAYEV, EASY HILL
WHOLESALE MEDICAL SUPPLY, INC.,
OLEG SIMAKOV, CHESTERTON, INC., and
JOHN DOE (Identity not presently known but
intended to be the owner of Chesterton, Inc.)
                    The "Wholesale Defendants"

ORTHO-MED SURGICAL SUPPLY, INC.,
VITALY LEVIN, DORSI MEDICAL SUPPLY,
INC., MARIYA GOMELSKAYA, IGOR
SHTURMAN, FEMA MEDICAL SUPPLY, INC.,
MAKSYM FEDOTOV, MILLENNIUM SUPPLIES,
INC., and ALEX TARDAKOSKY
                    The "Retail Defendants"


------------------------------------------------------------X


JOHNSON, Senior District Judge:

P-049

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs") commenced this action against Defendants Devonian, Inc. ("Devonian"), Michael Zavrazhin ("Zavrazhin"), Ivy Med Distributors, Inc. ("Ivy"), Yury Epelman ("Epelman"), Frazier Trading Company, Inc. ("Frazier"), Vladislav Aguvayev ("Aguvayev"), Easy Hill Wholesale Medical Supply ("Easy Hill"), and Chesteron, Inc. ("Chesteron") (collectively, "Wholesale Defendants") and Defendants Ortho-Med Surgical Supply, Inc., Vitaly Levin, Dorsi Medical Supply, Inc., Mariya Gomelskaya, Igor Shturman, Fema Medical Supply, Inc., Maksym Fedotov, Millennium Supplies, Inc., and Alex Tardakosky (collectively, "Retail Defendants") on July 1, 2010 (See generally Compl.) Plaintiffs have brought claims for declaratory judgment, common law fraud, aiding and abetting fraud, unjust enrichment, and RICO violations. (Id.)

## BACKGROUND

The facts of this case, as explained in Magistrate Judge Reyes' Report and Recommendation ("Report") of January 20, 2012, are not in dispute. Briefly, Plaintiffs issued automobile insurance policies in New York State, and paid up to $50,000 for health care goods and services necessary for insured victims who were injured in motor vehicle accidents, pursuant to New York State's no-fault insurance laws. (Compl. at ¶¶ 6, 30-31; Affirmation of Theodore F. Goralski, Jr. in Support of

2

Cross Motion and in Opposition to Plaintiffs' Motion ("Goralski Aff.").) Plaintiffs alleged that Retail Defendants submitted over $1.4 million worth of fraudulent claims, aided and abetted by the Wholesale Defendants. (Compl. at ¶¶ 1, 117-23, 151-57, 185-91, 219-25.) The Wholesale Defendants failed to answer Plaintiffs' complaint, and Plaintiffs moved for default judgment. (Docket Nos. 22-27, 46-47.) The Clerk of the Court filed entries of default against each Wholesale Defendant, and thereafter, Plaintiffs moved for default judgment against Wholesale Defendants. (Docket No. 30-35, 48-49, 78.) On July 18, 2011, Defendants Devonian and Zavrazhin cross-moved to set aside the entries of default as to them. (Docket No. 90.) Plaintiffs have objected to Magistrate Judge Reyes' recommendation that the entries of default as to Defendants Devonian and Zavrazhin be vacated. (Docket No. 105.)

## DISCUSSION

Because Plaintiffs submitted a limited objection to Magistrate Judge Reyes' Report, the Court has reviewed their claims *de novo*, pursuant to Fed. R. Civ. Proc. 53(f)(3). Having reviewed Plaintiffs' claims, the Court will not disturb Judge Reyes' recommendation that Plaintiffs' motion for default judgment should be granted as to all of the Wholesale Defendants, except Devonian and Zavrazhin. Accordingly, Plaintiffs' motion with respect to the Wholesale Defendants, with the exception of Devonian and Zavrazhin is GRANTED. The Court will now discuss Plaintiffs' limited

3

objection to Judge Reyes' Report, with respect to Defendants Devonian and Zavrazhin.

## I. Plaintiff's Motion for Default Judgment as to Wholesale Defendants

As noted by Judge Reyes in his Report, "it is…for the court to determine whether such factual allegations establish the defaulting defendant's liability as a matter of law." (Report at 6.) See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); Mktg. Devs., Ltd. V. Genesis Imp. & Exp., Inc., No. 08-CV-3168 (CBA)(CLP), 2009 WL 4929419, at *2 (E.D.N.Y. Dec. 21, 2009). For Plaintiffs to establish Defendants Devonian and Zavrazhin's liability for aiding and abetting fraud in New York, they must demonstrate: "(1) the existence of a fraud; (2) the defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission. Lerner v. Fleet Bank, N.A., 459 F.3d 273, 292 (2d Cir. 2006). Judge Reyes accurately depicted the standard for establishing the fraud itself, and correctly found that Plaintiffs had successfully pleaded the Retail Defendants' fraud with particularity. (Report at 7-11.) He also accurately found that as Plaintiffs sufficiently established their aiding and abetting claim against the Wholesale Defendants, the non-moving Defendants concede their liability. (Report at 11-12.)

The Court also determines Plaintiffs' damages, and may do so based upon

P-049

evidence presented at a hearing or upon review of detailed affidavits and documentary evidence, pursuant to Fed. R. Civ. P. 55(b)(2). See Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991) (citation omitted); Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) (citation omitted). Judge Reyes' calculation of the damages and prejudgment interest owed to Plaintiffs is not in dispute, and this Court affirms that amount as an accurate reflection of the sum Plaintiffs paid to the Retail Defendants based upon the Retail Defendants' fraudulent claims. (See Report at 12-16.) Judge Reyes also correctly determined that the Wholesale Defendants are jointly and severally liable for the damages to Plaintiffs, as discussed the Report. (Report at 13-16.) As to the Wholesale Defendants, with the exception of Defendants Devonian and Zavrazhin, I adopt Judge Reyes' Report and Recommendation.

**II.     Defendants Devonian and Zavrazhin's Rule 55(c) Motion**

Defendants Devonian and Zavrazhin submitted cross-motions, submitting that the entries of default against them should be vacated. Judge Reyes recommended that their motion be granted. The Federal Rules of Civil Procedure allow this Court to vacate an entry of default "for good cause." Fed R. Civ. P. 55(c). When this Court considers a Rule 55(c) motion, it must consider a three-prong test: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether settling aside the default would prejudice the party for whom default

5

was awarded. See State Farm Mut. Auto. Ins. Co. v. Cohan, No. 10-CV-1361, 2011 WL 386786, at *1 (2d Cir. Feb. 8, 2011) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); Pecarksy v. Galaxiworld.com, Ltd., 249 F.3d 167 (2d Cir. 2001). This test is conjunctive, and all three factors must be considered on a 55(c) motion. In addition to these three factors, the Court may also consider other relevant equitable factors. There is a strong preference for resolving cases on the merits; consequently, this Court must settle all doubts in favor of the defaulting party. Enron Oil Corp., 10 F.3d at 95-96. Finally, whether or not to vacate an entry of default is up to the circumscribed discretion of the District Court. Id. at 95-96 (citations omitted).

    A.    Willful Default

Plaintiffs submit that Defendants Devonian and Zavrazhin's default was willful. Magistrate Judge Reyes disagreed, pointing to Zavrazhin's claims that he believed Devonian—the corporation he owned—to have been dissolved in the spring of 2010, before the instant action was filed against him in the summer of 2010. (Zavrazhin Aff. ¶¶ 16, 18.) According to Zavrazhin, he did not hire counsel to represent him because he did not believe that he had any involvement in the case. Id. at ¶ 23. He further claims that he spoke to Defendants Dorsi and Ortho-Med, who both told him that the case was being defended. Zavrazhin took this to mean that he did not need to take any action in his defense. Id. at ¶¶ 21-22, 24. When he learned,

P-049

however, that a motion for default judgment was pending, he retained counsel. Id. at ¶ 27. If Zavrazhin's claims are true, Judge Reyes' finding is correct: his default was not willful, but negligent.

Plaintiffs balk at Zavrazhin's claims that his default was not willful in its objection ("Plaintiffs' Objection") to Judge Reyes' Report. (Plaintiffs' Objection at 1.) They point to his sophistication as an owner of a corporation, and also to the fact that he has other actions pending in this Court. Indeed, it is peculiar that an owner of a corporation would be unaware as to the status of his corporation. It is also peculiar that a party to several other litigations would not realize that he needed to defend himself against the instant action. However, both of these peculiarities could be explained by negligence on the part of Zavrazhin, who may have never retained counsel if he intended to default. Where the veracity of Zavrazhin's is unclear, the law is unequivocal: all doubts must be resolved in favor of the defaulting party, precisely because of the strong preference for solving disputes on the merits. See Enron Oil Corp., 10 F.3d at 95-96. Therefore, the Court must agree with Magistrate Judge Reyes that Zavrazhin and Devonian's default was not willful.

### B.   Meritorious Defense

The Court has also considered whether Defendants Zavrazhin and Devonian have presented a meritorious defense. A meritorious defense is one in which evidence

7

P-049

beyond conclusory denials is presented. The defense need not "carry the day," but it must be complete. Id. at 98 (citations omitted).

Plaintiffs contend that Zavrazhin offers nothing more than conclusory denials. (Plaintiffs' Objection at 5-7.) Indeed, conclusory denials are not sufficient to constitute a meritorious defense. Id. at 98. However, as detailed by Judge Reyes, Zavrazhin does offer a complete defense in his affidavit. (Report and Recommendation at 20-21.) He claims that he sold medical products at market price, "determined based on the prevailing price among competitors and on a range of other factors including cost to Devonian, overhead costs, relative availability of the item, relative demand for the items and other variables such as shipping, and time factors." (Zavrazhin Aff. ¶ 9.) He denies making any misrepresentations of any kind on any invoice to any retail customers, and denies that any rebates of refunds were given for unreturned items. He further denies that any cash was given to Dorsi, Ortho-Med, or any other buyer. Id. at ¶ 11. To support his denials, Zavrazhin claims to have identified all products on involves using stock keeping unit numbers with uniquely identify each product. These are factual claims which can be proven or refuted. If these claims were proven at trial, they would constitute a complete defense to Plaintiffs claims that they were defrauded by Zavrazhin.

P-049

C.      Prejudice

Finally, Plaintiffs contend that vacatur of the entry of default against Defendants Devonian and Zavrazhin would prejudice them. (Plaintiffs' Objection at 7-8.) Plaintiffs must demonstrate that a delay caused by vacatur of the default entry would "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion" in order to demonstrate that they would be so prejudiced. Finkel v. Hall-Mark Elec. Supplies Corp., No. 07-CV-2376 (NCG) (JO), 2011 WL 284707, at *4 (citation omitted). Plaintiffs' contentions notwithstanding, they have not successfully demonstrated that vacating the entry of default against Devonian and Zavrazhin would prejudice them in any way.

In their Memorandum in Opposition to Defendants' cross-motion to vacate the Entry of Default ("Plaintiffs' Mem. Opp."), Plaintiffs claim that they would be prejudiced by vacatur of the entry of default against Defendants because of their expense of resources in moving the case forward. (Plaintiffs' Mem. Opp. at 11.) However, the Second Circuit has explained that incurring court costs and attorney's fees because of an opposing party's default does not establish prejudice. See Pecarsky, 249 F.3d at 174. As Judge Reyes explained, the fact that Plaintiffs only submitted one set of motion papers for all of the Wholesale Defendants undermines their claim that they expended "considerable resources in attempting to move this case forward." (Pl. Mem. Opp., at 11.) Plaintiffs' claim that it will be prejudiced by a vacatur of the entry

9

of default against Defendants is unpersuasive.

## CONCLUSION

Accordingly, Plaintiffs GEICO's motion for default judgment as to the Wholesale Defendants, with the exception of Defendants Devonian and Zavrazhin is GRANTED. GEICO is awarded $1,451,746.19 in damages and $419,099.17 in prejudgment interest through March 2, 2012 against the Wholesale Defendants, except as to Defendants Devonian and Zavrazhin. Defendants Devonian and Zavrazhin motion for vacatur of the entry of default against them is GRANTED.

The parties are directed to contact the Chambers of Judge Reyes within 14 days of this order and proceed with discovery.

SO ORDERED.

Dated: Brooklyn, New York
March 21, 2012                                          U.S.D.J.

10

P-049